UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA *ex rel.* GEORGE ARNOLD, *et al.*, | : : : : : : : : : : | Case No. 1:13-cv-586 Judge Timothy S. Black |
| Plaintiff, | | |
| vs. | | |
| ALPHATEC SPINE, INC, *et al.*, | | |
| Defendants. | | |

**ORDER (1) DISMISSING RELATORS' COMPLAINT WITHOUT PREJUDICE AS TO DEFENDANT DR. SHANTI; AND (2) GRANTING IN PART AND DENYING IN PART RELATORS' MOTION TO SERVE DEFENDANTS DR. DURRANI AND CAST BY ORDINARY MAIL, WITH AN EXTENSION OF TIME TO COMPLETE SERVICE (Doc. 53)**

This civil action is before the Court on Relators' response to the Court's Order to Show Cause (Doc. 43) and Relators' motion to serve Defendants Dr. Atiq Abubakar Durrani and Center for Advanced Spine Technologies, Inc. by ordinary mail, with an extension of time to complete service (Doc. 53).[1]

## I. BACKGROUND

Relators filed the complaint in this civil action on August 23, 2013. (Doc. 1). On November 16, 2015, *i.e.* more than 90 days ago, the Court ordered Relators to serve the

---

[1] The Government and Defendant Journey Lite of Cincinnati, LLC have advised the Court that they do not intend to file responses.

complaint upon Defendants. (Doc. 23).[2] The record, however, contains no indication that Defendants Dr. Atiq Abubakar Durrani, Dr. Neal Shanti, and Center for Advanced Spine Technologies, Inc. ("CAST") have been properly served.[3]

On March 2, 2016, Relators were ordered to show cause in writing and within 14 days why the complaint should not be dismissed without prejudice as to Defendants Dr. Durrani, Dr. Shanti, and CAST for failure to effect timely service of process of the summons and complaint. (Doc. 41). Relators were notified that the Court would dismiss the complaint without prejudice as to Defendants Dr. Durrani, Dr. Shanti, and CAST if Relators did not show cause in writing. (*Id.*) On March 16, 2016, Relators responded to the Court's Order to Show Cause. (Doc. 43). Relators also moved for permission to serve Defendants Dr. Durrani and CAST by ordinary mail at an address in Pakistan and for an additional 60 days within which to effect service on those Defendants. (Doc. 53).

---

[2] Pursuant to the False Claims Act, "the complaint shall not be served on the defendant until the court so orders." 31 U.S.C. § 3730(b)(2). The defendant shall not be required to respond to the complaint "until 20 days after the complaint is unsealed and <u>served upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure</u>." 31 U.S.C. § 3730(b)(3) (emphasis added).

[3] *See* Fed. R. Civ. P. Rule 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.")

## II.     ANALYSIS

### A. Defendant Dr. Shanti

In the absence of a showing of good cause for the failure to effect timely service, the court has discretion to dismiss *sua sponte*, provided that the plaintiff has notice of the proposed action. *United States v. Glukick*, 801 F.2d 834, 837 (6th Cir. 1986).

Relators had ample notice of the Court's proposed dismissal of Defendant Dr. Shanti. (*See* Doc. 41). Rather than offer good cause for their failure to effect service of process on Defendant Dr. Shanti, Relators have chosen not to object to his dismissal. (*See* Doc. 43). Accordingly, Relators' complaint is **DISMISSED WITHOUT PREJUDICE** as to Defendant Dr. Shanti. [4]

### B. Defendants Dr. Durrani and CAST

#### 1.     *Service by Ordinary Mail*

Federal Rule of Civil Procedure 4(f), which governs international service of process on individuals, guides the Court's analysis.[5] Rule 4(f)(3) provides for service

---

[4] Pursuant to 31 U.S.C. § 3730(b), an action brought under the False Claims Act "may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting." However, as the Sixth Circuit has recognized, a number of federal courts have held that this "consent" provision applies only where the plaintiff seeks voluntary dismissal, and not where the court orders dismissal. *United States v. Health Possibilities, P.S.C.*, 207 F.3d 335, 344 (6th Cir. 2000) (citations omitted).

[5] Rule 4(h) governs service of process on corporations. Rule 4(h)(2) authorizes service of process on a corporation "at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." Because Relators do not propose service by personal delivery, the analysis is the same for service of Defendants Dr. Durrani (an individual) and CAST (a corporation).

3

"by other means not prohibited by international agreement, as the court orders." [6] Service under Rule 4(f)(3) must fulfill two requirements:  (1) it must be directed by the Court; and (2) it must not be prohibited by international agreement.  *Lexmark Intern., Inc. v. Ink Techs. Printer Supplies, LLC*, 295 F.R.D. 259, 260 (S.D. Ohio 2013) (citation omitted). Rule 4(f)(3) is "neither a 'last resort' nor 'extraordinary relief.' It is merely one means among several which enables service of process on an international defendant." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002).

An alternative form of service must also comport with constitutional notions of due process.  To meet this requirement, the method of service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Lexmark Intern., Inc.*, 295 F.R.D. at 260 (citation omitted).

<u>The Court must determine whether the facts and circumstances of this case warrant the exercise of its discretion to order alternative service</u>.  *Lexmark Intern., Inc.*, 295 F.R.D. at 260 (citation omitted).  The Court may require Relators to show that reasonable efforts to serve the defendant have already been made, and that the Court's intervention will avoid further burdensome or futile attempts at service.  *See Studio A Entm't, Inc. v. Active Distribs., Inc.*, No. 1:06 CV 2496, 2008 WL 162785, at *3 (N.D. Ohio Jan. 15, 2008).

---

[6] Because Relators move the Court to authorize a particular alternative form of service, the Court presumes Relators intend to invoke Rule 4(f)(3).  Other methods of international service, which do not require the Court's authorization, are provided in Rule 4(f)(1) and (2).

Relators advise that they have attempted service of process through the Hague Convention, at significant cost and administrative difficulty. (*See* Doc. 53 at 1). Relators claim that they have not yet received, and are not guaranteed to receive, confirmation of service of process. (*Id.*) Relators note that service of Defendants Dr. Durrani and CAST by ordinary mail, without the requirement of proof of return of service, has been authorized in related state court actions. (*See* Docs. 53-1; 53-2). Relators propose to serve Defendants Dr. Durrani and CAST at "the last known address known to [Relators] that is best calculated to give actual notice." (Doc. 53 at 2).

Applying Rule 4(f)(3), and its predecessor, courts have authorized international service by ordinary mail. *See Brockmeyer v. May*, 383 F.3d 798, 805–06 (9th Cir. 2004), and cases cited therein. However, a plaintiff must demonstrate that the facts and circumstances of the case necessitate the court's intervention. *Lexmark Intern., Inc.*, 295 F.R.D. at 260 (citation omitted). Relators' perfunctory assertions that service has been attempted through the Hague Convention and that receipt of return of process is not guaranteed are insufficient, without more detail, to make such a showing.[7]

---

[7] Federal Rule of Civil Procedure 4(l)(2) requires that Relators submit proof of service outside the United States. Because Relators would be serving Defendants Dr. Durrani and CAST under Rule 4(f)(3), a receipt or some "other evidence satisfying the court that the summons and complaint were delivered to the addressee" must be filed. Fed. R. Civ. P. 4(l)(2). No such receipt would be available following service by way of ordinary international mail, and, therefore, Relators would be unable to comply with the requirements of Rule 4(l)(2). *See Studio A Entertainment, Inc.*, 2008 WL 162785, at *5. The Court recognizes that, if valid service is in fact made, a defect in the proof of service will not strip the court of power to hear the case. *See Mann v. Castiel*, 681 F.3d 368, 373 (D.C. Cir. 2012). Nonetheless, the fact that Relators would have no way of demonstrating that service had been effectuated causes the Court pause.

5

Further, Relators have not provided any evidence which assures the Court that constitutional due process requirements would be satisfied. Relators do not provide any information regarding the address at which they hope to effect service, including <u>how</u> Relators came to learn of the address or <u>why</u> they believe that address is reasonably calculated to apprise Defendants Dr. Durrani and CAST of this litigation. For all of these reasons, the Court declines to authorize alternative service pursuant to Rule 4(f)(3) at this time.

*2.     Extension of Time for Service*

Upon a showing of good cause for the failure to effect timely service, "the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m); *Osborne v. First Union Nat'l Bank*, 217 F.R.D. 405, 408 (S.D. Ohio 2003). Given the complications associated with international service, the Court finds that Relators have shown good cause for their failure to effect service on Defendants Dr. Durrani and CAST within 90 days. Accordingly, the Court extends the time for service of these Defendants by 60 days, as requested. *See* Fed. R. Civ. P. 4(m).

### III. CONCLUSION

Accordingly, for the foregoing reasons:

(1) Relators' complaint is **DISMISSED WITHOUT PREJUDICE** as to Defendant Dr. Neal Shanti for failure to effect timely service of process of the summons and complaint;

(2) Relators' motion to serve Defendants Dr. Atiq Abubakar Durrani and Center for Advanced Spine Technologies, Inc. by ordinary mail, with an extension of time to complete service (Doc. 53) is **GRANTED IN PART AND DENIED IN PART**, as follows;

(3) Relator's request for an extension of time to complete service is **GRANTED**. Relators shall serve Defendants Dr. Atiq Abubakar Durrani and Center for Advanced Spine Technologies, Inc. within 60 days of the date of this Order; and

(4) Relators' request for authorization to serve Defendants Dr. Atiq Abubakar Durrani and Center for Advanced Spine Technologies, Inc. by ordinary mail is **DENIED without prejudice**. Should Relators wish to serve Defendants by ordinary mail, or by any other means pursuant to Fed. R. Civ. P. 4(f)(3), they may file a motion for permission to do so, with evidentiary support (by affidavit, or otherwise) sufficient for the Court to make the required findings set forth in Section II.B.1, *supra*.

**IT IS SO ORDERED**.

Date: 3/28/2016                            _/s/Timothy S. Black_____
                                           Timothy S. Black
                                           United States District Judge